UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10-CR-00107-H

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

SHANION M. THURMAN                                                         DEFENDANTS
JAMES L. ROBINSON

**MEMORANDUM OPINION AND ORDER**

Defendant, Shanion Thurman, moves to sever her trial from her co-defendant, James Robinson, due to the alleged prejudice she will suffer if tried jointly with Robinson and her supposed inability to cross-examine certain witnesses against her. The United States opposes the motion. For the reasons that follow, the Court denies Thurman's motion.

I.

Defendants Thurman and Robinson are charged with aiding and abetting one another and other unnamed persons with knowingly using and attempting to use physical force or threat of physical force against G.S., with the intent to influence, delay or prevent the testimony of G.S. in an official proceeding. ECF No. 10. According to the record, on August 19, 2005, G.S. witnessed the murder of LaQuante Jackson. Pursuant to a confidential plea agreement, G.S. agreed to provide the government with information about those involved in Jackson's murder, including Ricky Kelly, Robinson's lifelong friend. Subsequently, unnamed persons severely assaulted G.S. while he was incarcerated in a prison in Frankfort, Kentucky. Based on a series of recorded telephone conversations, the United States connects the assault of G.S. with information obtained by Thurman and Robinson, who allegedly jointly uncovered G.S.'s plea agreement from the office files of Katie

Holmes, G.S.'s attorney and Thurman's employer.

The government indicted Thurman and Robinson on October 18, 2010. On June 14, 2011, the United States moved to admit select recorded jail/prison phone calls, which serve as the principal evidence against both Defendants. ECF No. 36. The government supplemented that motion to include additional statements in telephone calls initiated by Ricky Kelly and certain statements Robinson made to a fellow inmate, a confidential jailhouse informant referred to as CS1. ECF No. 67. After the parties fully briefed the motion and Magistrate Judge David Whalin held a number of hearings on the issue, this Court, on January 7, 2013, adopted Magistrate Judge Whalin's Report and Recommendation ("R&R") that admitted some of this evidence. ECF No. 98. Thurman argues that the admission of three of these conversations between Kelly and Robinson, used in support of the United States' case against Thurman, entitle Thurman to a separate trial. Two of these conversations took place on February 8, 2010 ("Exhibit 8A" and "Exhibit 8B"), and the third conversation occurred on April 12, 2010 ("Exhibit 12"). Additionally, Thurman argues that the admission of statements made by Robinson to CS1 ("Exhibit 17"), which Judge Whalin determined admissible against Robinson and inadmissible against Thurman unless and until further evidence concerning the context and reliability of these statements dictates otherwise, further supports this conclusion.

II.

Based on this Court's adoption of the R&R, Thurman now moves to sever the trial. According to Federal Rule of Criminal Procedure 8(b), "[t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act . . . , constituting an offense or offenses." FED. R. CRIM. P. 8(b). The Sixth Circuit determined that pursuant to this rule, "persons indicted together should be tried together." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir.

1992). Despite a preference for joint trials, the federal rules permit severance where the consolidation of defendants "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). The appropriate standard for evaluating a motion for severance is that of "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Reading Thurman's motion generously, she argues that she is entitled to severance for the following reasons: 1) none of the jailhouse conversations would be admissible against her in an individual trial unless Robinson, Kelly or both were called to testify; 2) Thurman is afforded no meaningful opportunity to cross-examine Robinson and Kelly concerning the content of the recordings, because neither will likely take the stand at trial; and 3) the admission of Robinson's statements to CS1 that implicate Thurman, although only admissible against Robinson, will nevertheless prejudice the jury against Thurman. The Court disagrees.

### III.

Thurman incorrectly contends that the conversations at issue would be inadmissible against her in an individual trial. Judge Whalin's R&R makes clear that Exhibits 8A, 8B, and 12 are admissible against Thurman for reasons independent of whether Robinson is a co-defendant.[1] As to Exhibits 8A and 8B, Judge Whalin determined that these conversations are admissible as against Thurman under Federal Rule of Evidence ("FRE") 807, the residual exception to hearsay. Specifically, Judge Whalin detailed the circumstantial guarantees of trustworthiness surrounding this evidence that warranted admission under this rule, including the close, romantic relationship

---

[1] The Court discusses the issue of Exhibit 17 in Part V of this opinion.

3

between Thurman and Robinson; Thurman's position through her employment with G.S.'s attorney to have access to the confidential information concerning G.S.'s plea agreement; that Robinson had no motive to falsely advise Kelly as to the source of this information; and that the statements are consistent throughout. None of these indicators of trustworthiness are contingent upon whether Robinson is tried as Thurman's co-defendant.

Concerning Exhibit 12, Judge Whalin ruled the conversation admissible against Thurman under FRE 804(b)(3), as a statement against interest. Evidence is admissible pursuant to this rule where the declarant is unavailable to testify, the substance of the evidence is adverse to the declarant's pecuniary or penal interests, and corroborating circumstances ensure the trustworthiness of the evidence. *United States v. Johnson*, 581 F.3d 320, 326 (6th Cir. 2009); *United States v. Tocco*, 200 F.3d 401, 414 (6th Cir. 2000). The Court is satisfied that Robinson and Kelly will likely not testify at trial, and consequently, considers them unavailable. *United States v. Bourjaily*, 781 F.2d 539, 544 (6th Cir. 1986). The content of the jailhouse conversations implicate Robinson and Kelly in possibly organizing or aiding and abetting the assault of G.S., so the statements are against the penal interests of both declarants. Finally, the statements are trustworthy: Robinson and Kelly are close, lifelong friends and have no motive to mislead the other; Robinson was not in custody at the time; Robinson had no motive to attempt to exonerate himself and inculpate Thurman; and the government recorded the conversation, so risk of inaccuracy is slight. These indicia of trustworthiness exist regardless of whether Robinson and Thurman are co-defendants or tried separately.

Accordingly, Judge Whalin adequately addressed and found wanting Thurman's argument that this evidence would not be admissible against her in an individual trial. The Court will not

sever the trial on this basis.

IV.

Thurman next argues that because of the joint trial, she is deprived of a meaningful opportunity to cross-examine the declarants in violation of her Sixth Amendment rights. Again, Judge Whalin addressed this concern in his R&R. "[O]nly statements that are testimonial in nature invoke the protection of the Sixth Amendment's Confrontation Clause." *United States v. Brewer*, 332 F. App'x 296, 303 (6th Cir. 2009) (citing *Davis v. Washington*, 547 U.S. 813, 821 (2006)). Therefore, the threshold question concerning whether a defendant's Sixth Amendment rights are even implicated upon the presentation of certain hearsay statements is "whether the recordings were 'testimonial' in nature." *United States v. Culberson*, 2009 WL 776106, *4 (6th Cir. Mar. 24, 2009). Judge Whalin explicitly addressed the Sixth Amendment argument in his R&R, and determined that these statements are non-testimonial, because the declarants did not intend to bear witness against the other. ECF No. 85.

Nevertheless, as the Court has discussed in its companion Memorandum Opinion and Order filed today, the Sixth Circuit has opined that non-testimonial statements are constitutionally admissible only if they have independent guarantees of trustworthiness. *United States v. Franklin*, 415 F.3d 537, 546 (6th Cir. 2005). Regardless, the Court does not believe that the trustworthiness issue requires severance, in part because the guarantees of trustworthiness Judge Whalin discussed in his hearsay analysis are equally applicable to the constitutional trustworthiness analysis that is required in this Circuit to ensure the protection of a defendant's Sixth Amendment rights. *Id.*

V.

Finally, Thurman's concerns about the likelihood that admitting Exhibit 17 only against Robinson will prejudice the jury against her can be properly alleviated through a cautionary instruction. The Court will permit the parties to submit proposed cautionary instructions as to this evidence to further satiate Thurman's unease with the admission of this evidence and give those proposals due consideration. Moreover, the Court reiterates what Judge Whalin explained in his R&R: further development of the nature of the relationship between Robinson and CS1 could corroborate the trustworthiness of the unrecorded statements and could change the balance of the analysis as to the admissibility of Exhibit 17 against Thurman at trial. Therefore, the Court could find that this evidence is admissible against Thurman under FRE 804(b)(3) or other evidentiary rules at trial.

In sum, the Court finds Thurman's arguments for severance without merit and unpersuasive. Accordingly, the prosecution will try co-Defendants Thurman and Robinson together.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Shanion Thurman's Motion to Sever is DENIED.

cc:    Counsel of Record