UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10-CR-00107-H

UNITED STATES OF AMERICA    PLAINTIFF

V.

SHANION M. THURMAN    DEFENDANTS
JAMES L. ROBINSON

**MEMORANDUM OPINION AND ORDER**

Defendants have made a number of pretrial motions in anticipation of trial scheduled for June 24, 2013, mostly concerning discovery issues. The Court has reviewed the relevant filings and is prepared to rule on each. Only a few of these motions warrant brief discussion.

Defendants move to compel the United States to turn over certain employee records relating to Defendant Thurman's employment with the Oldham County Public Defender's Office. The United States explains that it is not in possession of such records, and appropriately suggests that Defendants can obtain this information directly from the Oldham County Public Defender's Office pursuant to a subpoena. Accordingly, the Court will deny the motion. Along this same line, the Court will deny Defendants' motion for Greg Sawyers' medical records as the United States possesses no medical records that Defendants do not already possess.

Defendants also move pursuant to the Jencks Act for certain discovery to which they are entitled in the normal course of a criminal proceeding. The Jencks Act does not require the United States to disclose this information until after the witness testifies, although the Court questions the prudence of such a delay under these circumstances. However, based on the United States' guarantee to turn over this evidence one to two weeks before trial, the Court finds that the United

States has satisfied its duties under the Jencks Act and denies the motion. Similarly, Defendants move to compel the United States to turn over evidence of prior crimes or bad acts they intend to introduce at trial. The Federal Rules of Evidence only require the prosecution to provide reasonable notice of this evidence prior to trial. FED. R. EVID. 404(b). Upon the United States' guarantee to provide this information and evidence fourteen days before trial, the Court finds that the United States is in compliance with Rule 404(b); fourteen days prior to trial is a reasonable period to turn over such evidence. Accordingly, the Court will deny this motion as well.

Next, Defendants move for disclosure of *Giglio* and *Brady* evidence. Specifically, Defendants seek to have the Court compel the United States to produce evidence that may discredit or impeach the jailhouse informant and to produce evidence that exculpates Robinson. Although the United States declared that it has and will continue to comply with these duties, Defendants are entitled to this evidence. The Court will grant these motions. While Thurman did not move to adopt Robinson's Motion to Produce Any Favorable Evidence, the United States' *Brady* obligations apply equally to exculpatory evidence against Thurman.

Defendants further move to compel the United States to show the unavailability of those witnesses they are seeking to introduce through recorded phone conversations and to show the trustworthiness of Robinson's cell mate who also intends to testify at trial. Although the Court finds that the showing of unavailability and trustworthiness important for the admissibility of certain evidence at trial, the United States is under no obligation to prove these elements of admissibility prior to trial.

This motion raises a difficult issue which both Judge Whalin and this Court have previously discussed. Upon reflection the Court believes further comment is appropriate. In his Report and

2

Recommendation, Judge Whalin did not apply *Ohio v. Roberts*, 448 U.S. 56, 66 (1980), to his Confrontation Clause analysis. The Court believes that this assessment may go too far. "[T]he [Supreme] Court frankly ridiculed [*Ohio v. Roberts*] in *Crawford* but did not quite over-rule. Consequently, with respect to non-testimonial hearsay statements, *Roberts* and its progeny remain the controlling precedents. "*United States v. Franklin*, 415 F.3d 537, 546 (6th Cir. 2005) (internal citation omitted). Some language in other Sixth Circuit cases seem to suggest otherwise. *See United States v. Brewer*, 332 F. App'x 296, 303 (6th Cir. 2009) ("[O]nly statements that are testimonial in nature invoke the protection of the Sixth Amendment's Confrontation Clause."). Consequently, the United States may have to establish the trustworthiness of the evidence submitted against Defendants to satisfy Defendants' Sixth Amendment Confrontation Clause rights, as required in *Ohio v Roberts*. Even so, such evidence need not be presented until trial. Accordingly, Defendants' motion must be denied, but the Court will entertain appropriate objections concerning these issues at trial.

Finally, Defendants moved to produce additional recorded phone conversations. The Court agrees that Defendants are entitled to relevant, material information that the government possesses, but Defendants' request is substantial. The phone recordings requested amount to over 300 hours of recorded conversations during 3,000 phone calls. Defendants have been aware of the additional tapes since the inception of this case, yet waited to move for their disclosure until shortly before trial. The Court dealt with the motion to admit certain recorded conversations for over two years, and Defendants never requested the remainder of the tapes during this time. The United States evinces a willingness to turn over these tapes, but Defendants simply waited too long to move for discovery of these tapes. They have not presented any significant argument supporting disclosure

at this late juncture. Accordingly, the Court finds the sheer volume of the evidence sought and the delay in filing the motion sufficient justification to deny the motion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion for Discovery (ECF No. 104) and Motion to Produce Any Medical Evidence Concerning the Alleged Assault of Greg Sawyers (ECF No. 111) are DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Obtain Investigative Services (ECF No. 105) is SUSTAINED.

IT IS FURTHER ORDERED that Defendants' Motion for Jencks Act Material (ECF No. 106) and Motion to Notice of the Use of Evidence of Other Crimes, Wrongs or Bad Acts (ECF No. 107) are DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Produce Evidence to Discredit or Impeach the Credibility of the Jailhouse Informant (ECF No. 108) and Motion to Produce any Evidence Favorable to the Defendant (ECF No. 114) are SUSTAINED.

IT IS FURTHER ORDERED that Defendants' Motion to Require the Government to Show the Unavailability of those Persons Whose Hearsay Testimony They are Seeking to Introduce Through Recorded Phone Conversations (ECF No. 112) and Motion to Require the Government to Show the Trustworthiness of the Cell Mate (ECF No. 115) are DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Produce Additional Phone Conversations (ECF No. 113) is DENIED.

cc:     Counsel of Record